IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER BILICKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | _____ |
| FIRST ADVANTAGE BACKGROUND ) | |
| SERVICES, CORP., ) | |
| and DOES 1-10 inclusive, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff Christopher Bilicki files this Complaint for Damages and Demand for a Jury Trial against Defendants First Advantage Background Services, Corp., and DOES 1-10 inclusive and respectfully shows the Court the following:

Nature of the Action

1. Defendant is an employment screening company that furnishes employment screening reports to prospective employers. Its reports include a job applicant's criminal history.

2. On or about October, 2020, Plaintiff applied for a job with AT&T that paid $10.00 per hour and had benefits like health, vision, dental and 60% off Plaintiff's AT&T phone plan.

3. Plaintiff had a conditional job offer with AT&T.

4.     On or about October 15, 2020, Defendant furnished an employment background check report to Plaintiff's prospective employer. The background check report was a consumer report under the Fair Credit Reporting Act (the "FCRA").

5.     The report stated that a December 28, 2018 misdemeanor conviction, was as a felony, which was inaccurate.

6.     As a result of the inaccurate information reported by Defendant, Plaintiff was denied employment by AT&T. To date, Plaintiff has not been able to find employment elsewhere.

7.     Under the FCRA, specifically 15 USC §1681e(b), Defendant was required to use reasonable procedures to ensure the maximum possible accuracy of the information it reported about Plaintiff to AT&T. Disclosing outdated and inaccurate information is a clear violation of this statute.

8.     In addition, when disclosing criminal records for employment purposes, a background check company is further required to use strict procedures to ensure that the reported information is complete and up to date.

9.     A background check report which fails to disclose the current, amended disposition of a "misdemeanor" conviction, is not complete and not up-to-date.

10. Defendant did not have defined processes to verify the accuracy of the public records information provided to AT&T, because information related to Plaintiff's criminal records is a matter of public information and is easily verifiable through the judicial system in the State of Michigan.

11. As a direct result of Defendant's failure to verify public records, Plaintiff was denied employment with AT&T.

12. Plaintiff suffered, and continues to suffer actual damages and emotional distress as a result of the loss of employment.

13. Accordingly, Plaintiff seeks recovery for his actual damages, including loss of earnings, emotional distress, and damage to his reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## The Parties

14. Plaintiff is an individual, a consumer and resident of the County of Tattnall, City of Glennville, Georgia.

15. Defendant is a consumer reporting agency within the meaning of the FCRA, specifically 15 USC §1681a(f).

16. Defendant First Advantage is a consumer reporting agency, and is and at all times herein mentioned was, a Foreign Corporation registered to do business in the State of Georgia, with its principal place of business at 1 Concourse

Parkway, N.E., Suite 200, Atlanta, Georgia 30328.  It may be served by Service of Process upon its registered agent, Corporation Service Company, at the address of 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

17. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

18. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

19. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## Count 1 – Violation of 15 U.S.C. § 1681e(b)

20. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681e(b) by disclosing inaccurate information, specifically that Plaintiff had been convicted of a felony.

21. Defendant's conduct was willful and/or reckless because it knew that its failure to report an updated disposition is insufficient to ensure maximum possible accuracy of the criminal history information reported.

22. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

23. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## Count 2 – Violation of 15 U.S.C. § 1681k(a)(2)

24. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681k(a)(2) by disclosing outdated information.

25. Defendant's conduct was willful and/or reckless because it knew that its failure to ensure an updated disposition is insufficient to ensure that the reported information is complete and up to date.

26. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

27. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## Count 3 – Violation of 15 U.S.C. § 1681i

28. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation.

29. Plaintiff disputed the accuracy of the information in report shortly after the report was issued, i.e. sometime after October 15, 2020.

30. Defendant informed Plaintiff that the report was correct.

31. To date, no updated report has ever been issued.

32. Defendant willfully and/or recklessly failed to conduct a reasonable reinvestigation of Plaintiff's dispute knowing full well that it will result in the deprivation of Plaintiff's valuable employment opportunity.

33. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

    a. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

    c. For interest upon such damages as permitted by law;

    d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

    e. For the costs of the lawsuit;

g. For such other orders of the Court and further relief as the Court deems just and proper.

Plaintiff hereby requests and demand a jury trial on all issues triable by jury.

This 3rd day of October, 2022.

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC** | */s/ Craig E. Bertschi* |
| 1872 Independence Square, Suite D | Craig E. Bertschi |
| Dunwoody, Georgia 30338 | Georgia Bar No. 055739 |
| | ceb@mcraebertschi.com |
| *Counsel for Plaintiff* | 678.999.1102 |

*To be admitted as counsel for Plaintiff pro hac vice:*

Devin Fok (SBN #256599)
devin@devinfoklaw.com
Ainat Kiewe (SBN #207439)
ainat@devinfoklaw.com
DHF Law, PC
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
Fax: (818) 484-2023